IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD PROSKE and EMILY PROSKE, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-831 |
| BARRETT DAFFIN FRAPPIER TRUNER &, ENGEL, LLP and WELLS FARGO BANK, N.A, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

In March 2019, Richard Proske and Emily Proske, representing themselves, sued Wells Fargo Bank, N.A. and Barrett Daffin Frappier Turner & Engel, LLP, alleging wrongful foreclosure of their home in Cypress, Texas. (Docket Entry No. 1). Wells Fargo and Barrett Daffin moved for summary judgment, but the Proskes failed to respond, even after the court extended the response deadline. (Docket Entry Nos. 25, 26, 31, 35, 36). Based on a careful review of the complaint, the answers, the motions, the record, and the applicable law, the court grants Wells Fargo's and Barrett Daffin's summary judgment motions and enters final judgment by separate order. The reasons are explained in detail below.

**I.    Background**

In February 2019, the Proskes obtained a $137,244 loan from Advisors Mortgage Group, LLC, secured by their home in Cypress. (Docket Entry No. 25 at 44, 50). The Proskes executed a Promissory Note requiring them to pay $779.26 on the first day of each month for 30 years, (*Id*. at 44), and a Deed of Trust giving the lender the right to sell the property if the Proskes defaulted.

(*Id*. at 52). Mortgage Electronic Registration Systems, Inc. was the original beneficiary of the Deed of Trust. (*Id*. at 49).

In January 2012, MERS assigned the Deed of Trust to Wells Fargo. (*Id*. at 65). In August 2012, Wells Fargo granted the Proskes a loan modification, allowing them to pay $715.98 monthly. (*Id*. at 67–68). The Proskes then applied to Wells Fargo for loan assistance. (*Id*. at 3). Wells Fargo denied their application for lack of necessary documentation. (*Id*. at 71). The Proskes defaulted. (*Id*. at 78, 80).

Wells Fargo appointed Barrett Daffin as substitute trustee to enforce the Deed of Trust. (*Id*. at 74). In November 2018, Barrett Daffin sent the Proskes a Notice of Acceleration and a Notice of Substitute Trustee Sale on Wells Fargo's behalf. (*Id*. at 78, 80). The Notice of Acceleration stated that because the Proskes had defaulted on the loan payments, Wells Fargo had accelerated the entire debt and scheduled a foreclosure sale of the property for February 5, 2019. (*Id*.). Wells Fargo sold the property on that date for $172,000. (*Id*. at 92). The Harris County Appraisal District valued the property at $220,543[1] as of January 1, 2019. (*Id*. at 104).

After the foreclosure sale, the Proskes sued Wells Fargo and Barrett Daffin, asserting Texas-law claims for breach of contract, fraud, slander-of-title, detrimental reliance, and violations of the Texas Business and Commerce Code, as well as federal claims under the Fair Debt Collection Practice Act, the Racketeer Influenced and Corrupt Organizations Act, and 42 U.S.C. § 1981. (Docket Entry No. 1). Wells Fargo and Barrett Daffin moved for summary judgment. (Docket Entry Nos. 25, 26).

---

[1] The estimated land value was $25,082, and the estimated improvement value was $195,461.

## II. The Legal Standard for Summary Judgment

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations and citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v.*

*United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate "the precise manner in which" that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotation omitted). "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Because the Proskes failed to respond to Wells Fargo's and Barrett Daffin's motions, the issue is "whether the facts presented by [Wells Fargo and Barrett Daffin] create an appropriate basis to enter summary judgment against the plaintiff[s]." *Id.*

## III. Analysis[2]

### A. The Breach of Contract and Unconscionability Claims

The Proskes appear to allege that Wells Fargo breached the Promissory Note and the Deed of Trust by foreclosing. (Docket Entry No. 1 at 3). Under Texas law, the essential elements of a breach of contract action are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained

---

[2] Wells Fargo's summary judgment evidence includes: (1) Exhibit 1-A: Note dated February 16, 2009; (2) Exhibit 1-B: Deed of Trust dated February 15, 2009; (3) Exhibit 1-C: Corporate Assignment of Deed of Trust dated January 6, 2012; (4) Exhibit 1-D: Loan Modification Agreement dated August 28, 2012; (5) Exhibit 1-E: Letter to Plaintiffs from Wells Fargo dated June 5, 2017; (6) Exhibit 1-F: Appointment of Substitute Trustee dated June 28, 2018; (7) Exhibit 1-G: Letter to Richard Proske from Wells Fargo dated November 26, 2018; (8) Exhibit 1-H: Letter to Emily Proske from Wells Fargo dated November 26, 2018; (9) Exhibit 1-I: Notice of Substitute Trustee's Sale; (10) Exhibit 1-J: Substitute Trustee's Deed. (Docket Entry No. 25 at 14). Barrett Daffin's summary judgment evidence includes: (1) Exhibit A: Affidavit of Connie Vandergriff; (2) Exhibit A-1: Notice of Substitute Trustee's Sale; (3) Exhibit A-2: Substitute Trustee's Deed. (Docket Entry No. 26 at 12).

4

by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (alteration and quotation omitted).

The undisputed record evidence shows that the Proskes signed the Promissory Note and the Deed of Trust; they defaulted on the Note; and Wells Fargo sent a Notice of Acceleration and a Notice of Foreclosure Sale and then foreclosed. (Docket Entry No. 25, Ex. 1-A; 1-B; 1-E). Because the Proskes defaulted on their mortgage payments before the foreclosure sale, they cannot recover on a breach of contract claim because of their own failure to perform under the contract. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016); *see also Farshchi v. Wells Fargo Bank, N.A.*, 2016 WL 2858903, at *4 (S.D. Tex. May 13, 2016) (citing *Kaechler v. Bank of America, N.A.*, Civ. Action No. H-12-423, 2013 WL 127555, at *3 (S.D. Tex. Jan. 9, 2013)). The Proskes' allegations do not raise a factual dispute material to determining that Wells Fargo, as a matter of law, did not breach the contract.

The Proskes also allege that the "contract should be rescinded because the defendant did not provide full disclosure and because the contract was extremely deceptive and unconscionable." (Docket Entry No. 1 at 4). "Texas recognizes both substantive and procedural unconscionability." *Mattar v. BBVA Compass Bank, N.A.*, No. 13-16-496-cv, 2018 WL 2440382, at *5 (Tex. App.—Corpus Christi-Edinburg 2018, no pet.). "Substantive unconscionability refers to the fairness of the agreement itself, whereas procedural unconscionability refers to the circumstances surrounding adoption of the agreement." *Id*. "The party raising an unconscionability defense must plead and prove both procedural and substantive unconscionability." *Belanger v. BAC Home Loans Servicing, L.P.*, 839 F. Supp. 2d 873, 880 (W.D. Tex. 2011) (citing *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App.—Waco 2005, pet. denied)). Although the Proskes allege that the Promissory Note was unfair because the lender did not provide "proper disclosure," they neither

pointed to nor submitted evidence showing what facts Wells Fargo or the Advisors Mortgage Group were required, but failed, to disclose, or showing how any failure resulted in unconscionability. (Docket Entry No. 1 at 4).

In support of their unconscionability claim, the Proskes cite *Maxwell v. Fairbanks Capital Corp*. (Docket Entry No. 1 at 4); 281 B.R. 101, 129-30 (Bankr. D. Mass. 2002). The homeowner in *Maxwell* alleged that her refinanced mortgage was unconscionable because her 15-year loan was "flipped" to a five-year loan in under three years, her principal monthly payment increased while she received no value for refinancing, the monthly payment was 98.5% of her income, and she was not provided with Truth in Lending Act disclosures. *Id*. The *Maxwell* court noted that "…upon the submission of evidence that disclosures were not made, the burden shifts to the lender to produce evidence that it or its predecessor provided the requisite disclosures." *Id*. at 126. Unlike homeowner in *Maxwell*, the Proskes failed to produce or point to any evidence that required disclosures were not made. *Id*. There is no factual dispute material to determining that the Promissory Note here is not unconscionable, as a matter of law. *See Prescott v. Wells Fargo Bank, N.A.* (*In re Prescott*), 2018 Bankr. LEXIS 1206, at *7 (Bankr. S.D. Tex. Apr. 19, 2018); *Garcia v. Universal Mortg. Corp.*, 2013 WL 1858195, at *10 (N.D. Tex. May 3, 2013); *Gengo v. Target Nat'l Bank,* 513 F. Supp. 2d 842, 847-48 (S.D. Tex. 2007).

Summary judgment is granted on the Proskes' contract breach and unconscionability claims.

### B.  Wells Fargo's Standing to Foreclose

The Proskes also allege that "[t]he Attorney who signed the 'notice of default' document to execute the power of sale clause did not have standing." (Docket Entry No. 1 at 4). It appears that the Proskes are challenging the validity of MERS's assignment of the loan documents to Wells

Fargo, but the argument fails. (Docket Entry No. 1 at 4). To challenge an assignment, the homeowner must assert a defect that would make the assignment void, not merely voidable. *EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 542 (Tex. App.—Houston [14th Dist.] 2016, no pet.). "Under Texas law, . . . any lack of authority would make the assignment voidable," not void. *Antony v. United Midwest Sav. Bank*, No. H-15-1062, 2016 WL 914975, at *3 (S.D. Tex. Mar. 10, 2016).

The undisputed record evidence shows that MERS, the beneficiary of the Deed of Trust, had the authority to assign its rights under the Deed of Trust to Wells Fargo. (Docket Entry No. 25 at 49); *see Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (a mortgagee such as MERS has authority "to grant the mortgage servicer the authority to foreclose" or "to bring the foreclosure action itself"); *Burton v. Nationstart Mortg., LLC*, 642 F. App'x 422, 425 (5th Cir. 2016); *Blair v. Deutsche Bank Nat'l Tr. Co.*, 609 F. App'x 767, 769 (5th Cir. 2015). The record evidence shows that the Proskes signed and agreed to the Note and Deed; they defaulted and did not cure the default; they received a Notice of Acceleration and Notice of Foreclosure Sale; and a substitute trustee deed was issued and recorded. The Proskes did not submit or point to record evidence raising an inference that MERS's assignment to Wells Fargo was invalid or void.

The Proskes also argue that Wells Fargo did not have a right to foreclose because it failed to "register the [Promissory Note or the Deed of Trust] to establish a security interest in the financial asset," which they allege was needed to be a secured creditor. (Docket Entry No. 1 at 5). Wells Fargo submitted uncontroverted evidence showing that the assignment of the Deed of Trust was registered with the Harris County Clerk. (Docket Entry No. 25 at 65). The Proskes did not

point to a contract provision or other authority requiring Wells Fargo to register the Promissory Note before scheduling a foreclosure sale based on the borrowers' default.

There was no factual dispute material to determining that Wells Fargo had standing to foreclose, as a matter of law. Summary judgment on the Proskes' claims relating to Wells Fargo's right and standing to foreclose is granted.

### C. The Fraud Claims

The Proskes asserted a fraudulent-inducement claim. (Docket Entry No. 1 at 5). "Fraud claims that depend on the existence of an enforceable contract are properly styled as fraudulent inducement claims, not common law fraud claims." *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012) (applying Texas law). "[W]ith a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties." *Id.* (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001)). The fraudulent-inducement claim requires the Proskes to show that: (1) the lenders made a misrepresentation; (2) the lenders knew the representation was false and they intended to induce the Proskes to agree to the loan through that misrepresentation; (3) the Proskes relied on the misrepresentation in agreeing to the loan; and (4) the reliance led them to suffer injury. *Id.*

The Proskes also allege fraud by nondisclosure. (*Id.* at 4). To establish a fraud-by-nondisclosure claim, a plaintiff must submit or point to record evidence creating factual disputes material to determining whether: "(1) the defendant failed to disclose facts to the plaintiff; (2) the defendant had a duty to disclose those facts; (3) the facts were material; (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiffs did not have an equal opportunity to discover the facts; (5) the defendant was deliberately silent when it had a duty to speak; (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or

8

retain from acting; (7) the plaintiff relied on the defendant's nondisclosure; and (8) the plaintiff was injured as a result of acting without that knowledge." *Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 849–50 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

The Proskes' fraud allegations are both conclusory and inadequate. They allege that "[t]he promissory note used to gain the court's jurisdiction in the wrongful foreclosure is fraudulent, the document was used in court as a security when it was never registered." (Docket Entry No. 1 at 5). The Proskes also contend that Wells Fargo and Barrett Daffin "did not provide full disclosure." (*Id*. at 4). The Proskes did not submit or point to record evidence of false statements Wells Fargo or the Advisors Mortgage Group made; whether the allegedly false statements were material; or whether the defendants made these statements with the intent to induce them to sign the loan documents. As discussed above, no allegations or evidence support the fraud-by-nondisclosure claim. And the claim of an unregistered promissory note neither alleges or provides evidence of fraud. Because no material factual dispute is present, summary judgment dismissing the Proskes' fraud claims is granted.

### D. The Wrongful Foreclosure Claim

A wrongful foreclosure claim arises from "a defect in the foreclosure sale proceedings" that causes "a grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.); *BAC Home Loans Serv., LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 909 (S.D. Tex. 2012). The Proskes have not made factual allegations or submitted or identified summary judgment evidence showing defects in the foreclosure sale proceedings. Nor did they submit or point to record evidence showing that the sale price at foreclosure was grossly inadequate. *See Gainesville Oil & Gas Co. v. Farm Credit Bank of Tex.*, 847 S.W.2d 655, 663 (Tex. App.—Texarkana 1993, no writ). Instead, the Proskes

argue that the defendants lacked standing to foreclose and that Wells Fargo, "who invoked the power of sale [,] was not the true beneficiary." (Docket Entry No. 1 at 6).

If a plaintiff fails to allege that a defendant disposed of their property at a "grossly inadequate selling price," then summary judgment on their wrongful-foreclosure claim is proper. *See Ericson v. Resurgent Capital Servs., L.P.*, 622 F. App'x 342, 345 (5th Cir. 2015) (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 727 (5th Cir. 2013)); *see also Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016). For the reasons discussed, there is no factual dispute material to determining that Wells Fargo had standing and the right to foreclose. Summary judgment on this issue is granted.

**E.     The RICO Claim**

The Proskes appear to allege that Wells Fargo's foreclosure practice violated the Racketeer Influenced and Corrupt Organization Act. 18 U.S.C. § 1962. (Docket Entry No. 1 at 5–6). "RICO creates a civil cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962.'" *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003) (quoting 18 U.S.C. § 1964(c)). "To state a civil RICO claim under any subsection in 18 U.S.C. § 1962, 'there must be: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Jackson v. NAACP*, 546 F. App'x 438, 41–42 (5th Cir. 2013). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity.'" *Brown*, 33 F.3d at 407.

The Proskes did not allege facts or identify summary judgment evidence showing that Wells Fargo engaged in a predicate criminal offense that amounted to a pattern of racketeering activity. Their conclusory allegation that Wells Fargo did not have right to foreclose does not raise

10

a factual dispute material to determining the lack of a RICO violation, as a matter of law. Summary judgment is granted dismissing this claim.

### F. The Slander-of-Title Claim

The Proskes allege that the defendants impaired their property title by recording certain documents, including the Notice of Trustee Sale. (Docket Entry No. 1 at 6–7). Under Texas law, a slander-of-title claim requires a plaintiff to allege: "(1) the uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific sale." *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 695 (S.D. Tex. 2014) (citing *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston 1988, writ ref'd); *Kallie v. Citi Residential Lending, Inc.*, No. H-18-4238, 2019 WL 398145, at *3 (S.D. Tex. Jan. 31, 2019).

The Proskes' claim appears to be based on Wells Fargo's alleged lack of standing to foreclose on the Note and sell the property in default. But the undisputed record evidence shows that the Proskes signed the Deed of Trust and the Promissory Note, giving Wells Fargo the right to sell the property when they defaulted. Wells Fargo foreclosed and sold the property after the Proskes defaulted on the loan. (Docket Entry No. 25 at 78–80). Because the Proskes did not raise a factual dispute that could support a slander-of-title claim, summary judgment dismissing this claim is granted.

### G. The Intentional and Negligent Infliction of Emotional Distress

The Proskes assert that Wells Fargo is liable for negligent and intentional infliction of emotional distress. Texas does not recognize a "duty not to negligently inflict emotional distress." *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993). Texas requires a plaintiff alleging infliction of emotional distress to show that (1) the defendant acted intentionally or recklessly; (2) the

defendant's conduct was extreme and outrageous; (3) the defendant's actions caused plaintiffs emotional distress; and (4) the emotional distress was severe. *Kroger Tex. Ltd. P'Ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Conduct is "extreme and outrageous" only if it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). The record evidence does not support an inference that the Proskes' emotional distress was severe or that the defendants' conduct was "extreme and outrageous." *See Rodriguez v. Wells Fargo Bank, N.A.*, No. No. 7:18-cv-109, 2019 WL 528719, at *7 (S.D. Tex. Feb. 11, 2019); *White v. Ameriquest Mortgage*, No. H-18-4013, 2019 WL 2297572, at *8 (S.D. Tex. May 30, 2019). Summary judgment is granted on this claim.

### H. The Texas Deceptive Trade Practices Act Claim

The Proskes allege that the defendants violated the Texas Deceptive Trade Practices Act. To establish a DTPA claim, the plaintiffs must show that: "(1) [they are] consumer[s], (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer[s]' damages." *Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x 833, 837 (5th Cir. 2016) (citing *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995)). A mortgagor qualifies as a consumer under the DTPA if "his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller* v. *BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013). But if loan servicing or loan administration are at issue, mortgagors are not DPTA consumers. *Payne*, 637 F. App'x at 837; *Woods v. Bank of Am., N.A.*, No. 3:11-cv-1115, 2012 WL 1344343, at *7 (N.D. Tex. Apr. 17, 2012).

The Proskes' allegations and evidence show that, as a matter of law, they were not DTPA consumers as to the challenged actions. *See, e.g.*, *Garcia v. Loancare, LLC*, No. 3:17-cv-343, 2018 WL 3614813, at *6 (S.D. Tex. June 25, 2018) ("[I]t is well-recognized that loan service activities are so distinct from the initial real estate purchase that they do not satisfy the 'goods and services' requirement to confer 'consumer' status."); *Fowler v. U.S. Bank, N.A.*, 2 F. Supp. 3d 965, 974 (S.D. Tex. 2014) ("Because the basis of [the plaintiffs' DTPA] claim is subsequent loan servicing and foreclosure activities, rather than goods and services acquired in the original loan transaction, [the plaintiffs] are not consumers under the DTPA with regard to this claim."). And there is no record evidence creating a factual dispute material to determining whether Wells Fargo and Daffin Frappier "engaged in false, misleading, or deceptive acts" that caused the Proskes' injury. Summary judgment is granted dismissing the Proskes' DTPA claims.

## I. The Fair Debt Collection Practices Act Claim

The Proskes also allege that Wells Fargo and Barrett Daffin Frappier violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. To survive the summary judgment motion, the Proskes must point to or submit evidence showing that the defendants were "debt collectors" under the Act. Mortgage lenders or their assignees are not debt collectors under the Fair Debt Collection Practices Act, "as long as the debt was not in default at the time it was assigned." *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 765 (N.D. Tex. 2013) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)); *see also Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x 424, 428 n.1 (5th Cir. 2012) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) *aff'd*, 269 F. App'x 523 (5th Cir. 2008)). The Proskes failed to submit or point to any record evidence showing that Wells Fargo was a "debt collector" under the Fair Debt Collection Practices Act, or that Wells Fargo received the loan assignment after the

Proskes defaulted. Summary judgment is granted dismissing the Fair Debt Collection Practices Act claim.

### J. The Section 1981 Claims

The Proskes argue that the defendants violated their 42 U.S.C. § 1981 rights, because as corporations, the defendants "cannot sign . . . [or] enter into any contract, with an attorney." (Docket Entry No. 1 at 7). The Proskes cite no authority to support their argument, and they did not allege racial discrimination. Summary judgment is granted on this claim.

### K. Barrett Daffin's Summary Judgment Motion

Barrett Daffin argues that summary judgment is proper because the law firm was "retained as legal counsel to assist Wells Fargo with the foreclosure of the Property," and it was immune from suit arising from conduct undertaken in its capacity as Wells Fargo's attorney. (Docket Entry No. 26 at 14).

"[A]ttorneys are generally immune from suits brought under Texas law against them by their adversaries if the action arises out of duties involved in representing a client." *Rojs v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014) (per curiam). Foreclosure counsel such as Barrett Daffin generally has immunity in a mortgagor's action challenging a foreclosure. *See, e.g.*, *Lassberg v. Bank of America, N.A.*, 660 F. App'x 262, 267 (5th Cir. 2016); *Iqbal v. Bank of America, N.A.*, 559 F. App'x 363, 365–66 (5th Cir. 2014); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03-11-429-cv, 2012 WL 1839357, at *5–*6 (Tex. App.—Austin, May 18, 2012, pet. Denied). Barrett Daffin is entitled to summary judgment on both immunity grounds and, as explained above, on the merits of the claims.

## IV. Conclusion

Wells Fargo's and Barrett Daffin's summary judgment motions, (Docket Entry Nos. 25, 26), are granted. Final judgment is separately entered.

SIGNED on November 6, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge